UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISLAH ALI,<br><br>    Plaintiff,<br><br>v.<br><br>VANESSA COOPER, et al.,<br><br>    Defendants. | Case No. 17-cv-03658-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>Docket No. 45 |

Plaintiff Islah Ali was terminated from employment by Defendant Alameda Housing Authority ("AHA"). In her Second Amended Complaint, Ms. Ali brings a variety of discrimination and tort claims against the AHA and a number of her individual supervisors, invoking a potpourri of statutes and constitutional provisions. For the reasons below, Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The Court previously granted a motion to dismiss in part and with leave to amend. *See* Docket No. 30. Plaintiff thereafter filed a First Amended Complaint, *see* Docket No. 39, and, after retaining new counsel, a Second Amended Complaint, *see* Docket No. 44 ("SAC"). The SAC substantially reduces the scope of Plaintiff's allegations and the causes of action asserted.

To summarize, Plaintiff worked for the AHA from April 2004 until she was terminated around August 2016. SAC ¶ 4. She was fired by Defendant Vanessa Cooper, the Executive Director of the AHA starting in 2014. *Id.* ¶¶ 4, 8. Defendant Janet Basta was the Director of Human Services, also hired in approximately fall 2014. *Id.* ¶ 9. Defendant Lynette Jordan was the Housing Programs Director, also hired in fall 2014. *Id.* ¶ 10. Defendant Kara Korbel was the Family Self-Sufficiency Coordinator, and in mid-2016 became Plaintiff's supervisor. *Id.* ¶ 11.

The gist of each legal theory asserted is discussed below.

## II. DISCUSSION

A. <u>First Cause of Action (Religious Accommodation)</u>

Plaintiff asserts a "failure to accommodate" religious beliefs claim against Defendant AHA pursuant to California's Fair Employment and Housing Act ("FEHA") (Cal. Gov. Code § 12940(a) and (l)), California's Unruh Act (Cal. Civ. Code § 51), Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-2), the Religious Freedom and Restoration Act ("RFRA") (42 U.S.C. § 2000bb), and the 13th Amendment. This claim is premised on Defendants Basta and Cooper's refusal to recognize her Muslim solemnization without a civil marriage certificate.

Defendant acknowledges that the FEHA and Title VII claims are properly pled against the AHA. However, they seek to dismiss the remaining claims. The Court agrees. The Unruh Act (Cal. Civ. Code § 51) does not cover employee-employer relations. *See Rojo v. Kliger*, 52 Cal.3d 65, 77 (1990) (holding that the Unruh Act "has no application to employment discrimination"). In response, Plaintiff cites California Civil Code Sections 51.7 and 52.1, but they are inapposite because they cover threats of violence and intimidation on the basis of religion; there are no such allegations against Defendants. *See Stamps v. Sup. Ct.*, 136 Cal.App.4th 1441 (2006).

The RFRA claim is also dismissed because the Supreme Court has ruled the statute unconstitutional as applied to the states. *See City of Boerne v. Flores*, 521 U.S. 507 (1997) (holding that Congress exceeded its authority under § 5 of the Fourteenth Amendment in imposing RFRA on the states).

Finally, the Thirteenth Amendment claim is dismissed because this amendment—which prohibits slavery and involuntary servitude. It is questionable whether a direct private cause of action applies. *See*, *e.g.*, *Del Elmer; Zachay v. Metzger*, 967 F.Supp. 398, 402 (S.D. Cal. 1997). In any event, Plaintiff does not allege involuntary servitude.

In sum, the First Cause of Action is **DISMISSED with prejudice** to the extent premised on the Unruh Act, RFRA, and the Thirteenth Amendment. Defendant has not challenged this claim to the extent based on FEHA or Title VII, so those claims remain against the AHA.

B. Third Cause of Action (Religious Discrimination)

Plaintiff's third cause of action is brought under 42 U.S.C. § 1983 and the Fourteenth Amendment against all Defendants and is based on Defendants Basta and Cooper's sudden application of a rarely-utilized policy recognizing only civil marriage certificates to terminate Ms. Ali's husband's healthcare benefits, even though Defendants had accepted an affidavit of a Muslim solemnization for over a decade. Previously, the Court permitted this claim to proceed against Defendants Basta and Cooper in their individual capacity under the Equal Protection Clause. Defendants do not renew their challenge as to Basta and Cooper on this motion.

The Court previously dismissed with leave to amend claims against Defendant AHA under *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978), based on Cooper and Basta's actions under either the Equal Protection Clause or the First Amendment's free exercise clause. Plaintiff has failed to state a claim under either theory, as explained below.

1. *Monell* Liability for Equal Protection Violation

Pursuant to the Court's order, Plaintiff was afforded an opportunity to state an equal protection claim against Defendant AHA in two ways. Either she could allege that Defendant AHA was motivated by anti-Muslim animus when it adopted the marriage-certificate policy, *or* she could allege that Defendants Basta and Cooper were "final policymakers" such that the AHA could be liable for their actions.

Plaintiff makes no attempt to allege that adoption of AHA's marriage certificate policy, neutral on its face, was motivated by discriminatory animus. She alleges nothing about the circumstances in which the marriage certificate policy was adopted, nor any facts that would support an inference about AHA's motivations therefor. Thus, this theory fails.

Plaintiff also fails to adequately allege that Defendants Cooper and Basta were final policy-makers. "Whether a particular official has final policy-making authority is a question of state law." *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992). "[T]he official in question must possess final authority to establish municipal policy with respect to the challenged action." *Christie v. Iopa*, 176 F.3d 1231, 1236 (9th Cir. 1999) (quoting *Fiorenzo v. Nolan*, 965 F.2d 348, 351 (7th Cir. 1992)). To establish that Defendant Basta or Cooper were final policymakers,

3

Plaintiff had to demonstrate they were responsible for establishing county policy on employee healthcare benefits. *Gilette*, 979 F.2d at 1350. Plaintiff does not cite any law or allege facts to support such a finding. If anything, state law suggests that Alameda County's Housing Commission (not Basta or Cooper) is the final policy-maker on these issues. *See* Cal. Health & Safety Code § 34240 (requiring every county to establish a housing authority); *id.* § 34278(a) (authorizing housing authorities to "adopt personnel rules and regulations"); Alameda County Ordinance #77-94 (Nov. 29, 1977) (establishing a Housing Commission and delegating authority over personnel matters to it). Plaintiff has not alleged that the Housing Commission has delegated that policy-making authority to Basta or Cooper, so she has not met her burden to allege they were final policy-makers under *Monell*.

Accordingly, Plaintiff has not adequately pled a *Monell* claim against Defendant AHA for Defendants Basta and Cooper's actions. This claim is **DISMISSED** with prejudice.

2. *Monell* Liability for Free Exercise Violation

The Court also gave Plaintiff an opportunity to plead a violation of the First Amendment's free exercise clause if she could plead that the AHA's civil marriage certificate policy impinged a sincerely held religious belief. *See Employment Div., Dept. of Human Resources of Oregon v. Smith*, 494 U.S. 872 (1990) (holding that a generally applicable regulation that incidentally burdens a sincerely held religious belief is subject to rational basis review).[1] Plaintiff alleges that she did not receive a civil marriage certificate after performing an Islamic solemnization ceremony, SAC ¶ 18, and that AHA's policy "burdens a sincerely held religious belief," SAC ¶ 31, but she does not identify the specific religious belief burdened. Further, she alleges only that she "entered into a valid marriage consistent with the practices of [her] Islamic faith," *id.* ¶ 18, but does not explicitly allege that her religion prohibits her from thereafter obtaining a civil marriage certificate, as required to state a claim. *See Thomas v. Review Bd. of Indiana Employment Sec.*

---

[1] The Court's prior order cited *Droz v. C.I.R.*, 48 F.3d 1120, 1122, n.2 (9th Cir. 1995), but that case involved a *federal* government regulation reviewed under the Religious Freedom and Restoration Act's strict scrutiny test. As explained in *Smith*, *supra*, a First Amendment free exercise claim against a neutral, generally applicable regulation is subject to rational basis review.

4

*Div.*, 450 U.S. 707, 717-18 (1981) ("Where the state conditions receipt of an important benefit upon conduct proscribed by a religious faith . . . thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs, a burden upon religion exists."). She was unable to identify any such religious belief in her briefing or at the hearing. Accordingly, she has failed to adequately plead a *Monell* claim that the marriage certificate policy infringes on a sincerely held religious belief.

Plaintiff's Third Cause of Action for religious discrimination against Defendant AHA is **DISMISSED with prejudice**. This claim is also **DISMISSED with prejudice** against Defendants Korbel and Jordan in their individual capacity because they are not alleged to have played any role in terminating her husband's healthcare benefits. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (in Section 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"). This claim remains only against Defendants Basta and Cooper in their individual capacity, as previously held by the Court.

C. <u>Second Cause of Action (Race Discrimination)</u>

Plaintiff's second cause of action is brought pursuant to 42 U.S.C. Sections 1981[2] and 1983 alleging violations of the Fourteenth Amendment. She alleges that Defendants violated her constitutional right to be free from race discrimination by dispatching her to three tenants who used the n-word, referred to her as "You People," and once refused her entry to an apartment where she observed swastikas and skulls. *See* SAC ¶ 59. Defendants allegedly took no action to investigate or remedy each incident when informed. *Id.* ¶ 60.

In essence, Plaintiff alleges that Defendants tolerated a hostile environment based on race and failed to take appropriate remedial action. Typically, such claims are brought pursuant to a statute like FEHA or Title VII, under which an employer may be held liable when it fails to

---

[2] Defendant incorrectly claims that 42 U.S.C. § 1981 applies only to the making and enforcing of contracts, but it also protects the right "to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." *Id.* § 1981(a); *see also Lelaind v. City and Cty. of San Francisco*, 576 F.Supp.2d 1079, 1094 (N.D. Cal. 2008) (analyzing race discrimination claim under § 1981 under same standard as Title VII).

5

address known acts of harassment and prevent a hostile environment. *See*, *e.g.*, *Galdamez v. Potter*, 415 F.3d 1015, 1022 (9th Cir. 2005). Here, Plaintiff pursues this theory only under the Equal Protection Clause through 42 U.S.C. § 1983.[3] As the Court previously explained, to allege an equal protection violation, it is not sufficient that the employer was put on notice of third-party harassment; it must also refuse to take remedial action intentionally and because of Plaintiff's race. *See* Docket No. 30 at 9 (citing *Washington v. Davis*, 426 U.S. 229 (1976) and *Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009)). Plaintiff has failed to allege that was the case.

With respect to intentionality, the allegations do not support a plausible inference that Defendants made a conscious decision not to correct a hostile environment based on her race. There are no specific allegations about when the three incidents alleged in the complaint took place, or the nature of Defendants' response to her complaints. Plaintiff does not allege what happened after she reported the incidents. Nor does she allege, for example, that Defendants required her to return to the same harassing tenant even after they had learned about the conduct. Indeed, the complaint does not clearly allege that there were racial incidents after Plaintiff reported it to her supervisor(s). Hence, there are no allegations sufficient to support a reasonable inference that Defendants intentionally failed to correct the hostile environment because of her race.[4] *See Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009) (an equal protection violation requires showing that the defendant "acted with discriminatory purpose").

Further, though Defendants did not raise this argument, encountering three racist tenants outside the office over the course of 12 years (without any allegation that Defendants knowingly exposed her to those harassers) does not amount to a "workplace . . . permeated with

---

[3] Defendant incorrectly claimed that a hostile environment theory cannot be brought under § 1983. *See Bator v. State of Hawai'i*, 39 F.3d 1021, 1028 (9th Cir. 1994); *Kelly v. City of Oakland*, 198 F.3d 779 (9th Cir. 1983); *Leiland*, 576 F.Supp.2d at 1100; *Cooper v. Cate*, 2011 WL 5554321, at *6 (E.D. Cal. Nov. 15, 2011).

[4] Plaintiff has alleged differential treatment as a Muslim (and anti-Muslim animus on behalf of Basta and Cooper), but she does not allege a hostile environment created by tenant harassment on the basis of religion. She has also alleged other differential treatment (such as not receiving adequate training or being mocked for inability to use a new electronic device), but does not adequately allege that this was based on her race. In any case, she has not argued that either experience supports the hostile environment theory asserted in this cause of action.

discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment," when considering the relevant factors of "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonable interferes with an employee's work performance." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002) (citations and quotations omitted).

Plaintiff was unable to identify any additional facts she could allege to support a claim, and has already had two chances to amend the complaint. Accordingly, this claim is also **DISMISSED with prejudice** against all Defendants.

D. <u>Intentional Infliction of Emotional Distress (Fourth Cause of Action)</u>

Plaintiff re-pleads an intentional infliction of emotional distress ("IIED") claim against all Defendants. This tort claim intersects with two doctrines: workers' compensation exclusivity and government immunity. Previously, the Court held that the IIED claim was preempted by the workers' compensation scheme except to the extent that Plaintiff could allege "discriminatory conduct that violates public policy," such as FEHA. Docket No. 30 at 12. Furthermore, the Court clarified that the claim could be brought against Defendant AHA only to the extent that Plaintiff could state a valid tort claim against an individual employee defendant. *See* Cal. Gov. Code § 815.2(a). As explained above, Plaintiff has only alleged a valid discrimination claim against Defendants Basta and Cooper for allegedly terminating her husband's healthcare benefits because she was married according to Muslim tradition. She has not stated any valid discrimination claim against any other Defendants.

Accordingly, the IIED claim is **DISMISSED with prejudice** against Defendants Korbel and Jordan, and **DISMISSED** against Defendants AHA, Basta, and Cooper **except** to the extent it is based on the discriminatory termination of her husband's healthcare benefits.

### III. <u>CONCLUSION</u>

For the reasons herein stated, Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.

The First Cause of Action against Defendant AHA for failure to accommodate religious

beliefs is **DISMISSED with prejudice** to the extent based on California's Unruh Act, the Religious Freedom and Restoration Act, and the Thirteenth Amendment. The First Cause of Action remains against Defendant AHA only under FEHA and Title VII.

The Second Cause of Action for a racially hostile environment is **DISMISSED with prejudice** against all Defendants in its entirety.

The Third Cause of Action for religious discrimination is **DISMISSED with prejudice** against Defendants AHA, Korbel, and Jordan. This claim remains in the case only against Defendants Basta and Cooper.

The Fourth Cause of Action for intentional infliction of emotional distress is **DISMISSED with prejudice** against Defendants Korbel and Jordan. It remains in the case only against Defendants Basta, Cooper, and the AHA, to the extent it is based on Defendant Basta and Cooper's allegedly discriminatory termination of Plaintiff's husband's healthcare benefits.

This order disposes of Docket No. 45.

**IT IS SO ORDERED**.

Dated: June 6, 2018

EDWARD M. CHEN
United States District Judge

8